# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**HARMANPREET SINGH**                                                  **PETITIONER**

**VERSUS**                                     **CIVIL ACTION NO. 5:19-cv-148-DCB-MTP**

**WARDEN SHAWN R. GILLIS**                                    **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] of Harmanpreet Singh for Writ of Habeas Corpus. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that that the Petition be dismissed as moot.

On December 20, 2019, Singh filed his Petition pursuant to 28 U.S.C. § 2241, asserting that he had been detained in immigration custody in excess of six months following a final removal order. Petitioner requested to be released from custody. Pet. [1] at 7.

On February 12, 2020, Respondent filed a Motion to Dismiss for Mootness and Lack of Subject Matter Jurisdiction [8]. Respondent argues that the Petition is moot because Singh was removed to India on January 28, 2020. *See* Mot. [8], Ex. A. Petitioner has not responded to the Motion [8].

Because the only relief Petitioner seeks is his release from immigration custody, his Petition [1] became moot upon his deportation from the United States, which terminated his immigration detention. *See Ighekpe v. Sourkaris*, 2006 WL 297746, at *2 (N.D. Tex. Jan. 30, 2006) (citing *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003)); *Lay v. I.N.S.*, 2002 WL 32494536, at *1 (N.D. Tex. Dec. 17, 2002). The Petition no longer presents a live case or

controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. Therefore, it should be dismissed as moot.[1]

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion to Dismiss [8] be GRANTED and the Petition [1] be DISMISSED with prejudice as moot.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[1] Petitioner also appeared to challenge his removal order and stated he "would like to start the process over again if necessary" and believed that the immigration judge was not fair to him. Pet. [1] at 6-7. To the extent Petitioner was attempting to challenge his removal or seek a stay of his removal, this Court has no jurisdiction over such a challenge. "[T]he REAL ID Act has divested federal [district] courts of jurisdiction over § 2241 petitions attacking removal orders." *Zamarripa-Torres v. Bureau of Immigration & Customs Enf't.*, 347 F. App'x 47, 48 (5th Cir. 2009) (citing *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005)). A petitioner's "sole means of obtaining judicial review" of a final order of removal is "to file a petition for review in the appropriate court of appeals." *Id.*

THIS the 5th day of March, 2020.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge